\*\*E-Filed\*\*

August 4, 2005

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAHAN ALAMZAD, individually and dba CA CONSULTING, | NO. C04-01602 RS |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO EFFECT TIMELY SERVICE** |
| v. | |
| LUFTHANSA CONSULTING GMBH, ET. AL. | |
| Defendants. | |

## I. INTRODUCTION

Plaintiff Jahan Alamzad ("Alamzad"), initiated this suit claiming breach of contract, breach of the covenant of good faith and fair dealing, fraud and deceit, and negligent misrepresentation. The suit is based upon allegations that defendant Lufthansa Consulting GMBH ("LCG") breached a contract involving the delivery, management, and training of a computer software package. LCG's parent corporation, Deutsche Lufthansa AG ("DLAG") is also named as a party to this litigation.

Defendant moves to dismiss the action in its entirety, or, in the alternative, requests that it be dismissed from the suit, on the grounds that Alamzad failed to serve any of the defendants in a timely fashion. The motion was fully briefed and heard by the Court on August 3, 2005. Based on all papers filed to date, as well as on the oral argument of counsel, the Court grants in part and denies in part the motion for the reasons set forth below.

## II.  BACKGROUND

On July 17, 2001, LCG allegedly breached its contract with Alamzad by denying payment for consulting services he rendered on behalf of LCG to Mexicana Airlines. On April 27, 2004, Alamzad initiated this suit against LCG and DLAG, its parent corporation. After failing to serve LCG in California, Alamzad attempted to effect service upon DLAG in Germany, believing that he must proceed according to the provisions of the Hague Convention of 1965. In order to facilitate service, the Court granted Alamzad an extension of time in which to serve defendants. However, Alamzad continued to experience trouble serving defendants, and the Court granted a second and then a third request for an extension through to April 14, 2005.

During his last attempt at service, Alamzad discovered that "Lufthansa German Airlines" is another name for DLAG and sought to add "Lufthansa German Airlines" to the complaint. The Court granted leave to amend but denied a fourth request for an extension of time. Thereafter, Alamzad effected service on DLAG's office in New York on March 23, 2005. Having received no timely response from DLAG, however, Alamzad requested entry of default judgment. In opposition to Alamzad's request, DLAG filed a waiver of service, and argued that Fed. R. Civ. P. 4(d)(2)(F) allows for the waiver to be returned up to "30 days from the day on which the request was sent."[1] Opposition to Request for Entry of Default, p. 1, line 22 (April 22, 2005). DLAG also contended that, under Fed. R. Civ. P. 4(d)(3), it had 60 days from the date the waiver was executed to respond to the complaint. Subsequently, the request for entry of default judgment was denied.

DLAG now moves to dismiss this action due to Alamzad's failure to serve the summons and complaint in a timely fashion. DLAG contends that the public nature of its contact information and, further, that precludes a finding of good cause for Alamzad's continued failure to effect service. DLAG also argues that Alamzad failed to serve it properly because the summons and complaint was delivered to an agent not authorized to accept service. Alamzad responds that good cause exists because Arthur Molins, General Counsel for DLAG, provided Alamzad with misleading information and, further, that DLAG's website was circuitous in explaining the method of effecting proper service on DLAG. Alamzad also contends that service was accomplished on

---

[1] Although a waiver of service normally waives any challenge to the timeliness or sufficiency of service, the parties filed a stipulation which granted DLAG time to answer or respond to the complaint, and deemed their appearance not to have waived any challenge to the timeliness of service of process. See Proposed Order Re Service of Process, Filed on May 3, 2005.

DLAG properly through Lawrence Mullins, Mr. Molins' legal assistant. Alamzad reports that he continues to pursue service of process on LCG in Germany.

### III. STANDARDS

Rule 12(b)(5) of the Federal Rules of Civil Procedure provides that an action may be dismissed for insufficiency of service of process. Motions to dismiss are viewed with disfavor, however, and are rarely granted. Hall v. City of Santa Barbara, 833 F.2d 1270, 1274 (9th Cir. 1986); U.S. v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

With respect to service of process, Fed. R. Civ. P. 4(m) states in pertinent part,

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Thus, the court is required to extend the time for service if the plaintiff shows "good cause" for failure. See De Tie v. Orange County, 152 F.3d 1109, 1111 (9th Cir. 1998). At *minimum*, "good cause" equates with the "excusable neglect" standard under Rule 6(b). Boudette v. Barnette, 923 F.2d 754, 756 (9th Cir. 1991) (emphasis added).

### IV. DISCUSSION

A.   DLAG's Motion to Dismiss

While "good cause" is not precisely defined, the Ninth Circuit has stated that "a plaintiff may be required to show the following factors in order to bring an excuse to the level of good cause: (a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice and (c) plaintiff would be severely prejudiced if his complaint were dismissed." In re Sheehan, 253 F.3d 507, 512 (9th Cir. 2001) (citing Boudette, 923 F.2d at 756).

There is no dispute with respect to the first factor. At oral argument, DLAG made it clear that it was not contesting whether or not DLAG received actual notice, rather its contentions are based on Alamzad's

3

1  failure to serve DLAG in a timely fashion. As to service, the record is unclear.[2] That issue, however, is not

2  dispositive. The first factor in <u>Sheehan</u> does not ask whether the plaintiff has effected proper service, but

3  whether the defendant has received actual notice. Regardless of whether proper service was effected, at a

4  minimum, DLAG presumably was apprised of the action by Mr. Mullins. The first factor from <u>Sheehan</u>,

5  therefore, weighs in favor of Alamzad.

6  With respect to the second factor, beyond losing the benefit that the statute of limitations may have

7  expired,[3] there is nothing in the record to suggest that DLAG was prejudiced by the grants of extensions of time

8  for service of process. A defendant losing the benefit of expiration of the statute of limitations has been found

9  not to constitute prejudice within the meaning of Fed. R. Civ. P. 4(m). <u>Boley v. Kaymark</u>, 123 F.3d 756, 758

10  (3d Cir. 1997). While not binding in the Ninth Circuit, <u>Boley</u> is persuasive authority for the proposition that the

11  running of the statute of limitations period does not assist DLAG for purposes of this motion.

12  The third factor, whether Alamzad would suffer severe prejudice, weighs in his favor. Dismissal of the

13  current action would severely prejudice Alamzad because, as noted, the applicable statutes of limitations appear

14  to have expired. Committee Notes on Amendments to Federal Rules of Civil Procedure (1993); <u>De Tie</u>, 152

15  F.3d at 1111 n. 5. As a result, if this action is dismissed, Alamzad may be barred from re-filing his claims

16  against defendants.

17  DLAG contends that good cause does not exist to justify any extension of time for service because it

18  was easily determinable that it could have been served in East Meadow, New York. This argument has some

19  merit, since mistakes by attorneys or the "inadvertence of counsel" do not constitute good cause. <u>Wei v.</u>

20  <u>Hawaii</u>, 763 F.3d 370, 372 (9th Cir. 1985) (plaintiff's counsel mistakenly had not calendared the 120 day

21  limit). "[A] diligent, but deficient attempt at service could be held inexcusable." <u>Electric Specialty Co. v. Road</u>

---

23  [2]In support of its contention that it did not receive timely service, DLAG provides an affidavit in which Lawrence Mullins, Mr. Molin's legal assistant, states that he never represented that he was an authorized agent on behalf of Lufthansa German Airlines. Lawrence Mullins Decl., p. 2, line 7. Alamzad, however, alleges that Mr. Mullins informed the process server that he was an agent authorized to receive service on behalf of Lufthansa German Airlines. Certificate of Service, p. 4, line 8 (Apr. 18, 2005).

26  [3]The statute of limitations for breach of contract and breach of the covenant of good faith and fair dealing arising from contract claims is four years under Cal. Civ. Pro. §337. The statute of limitations for claims based on fraud, deceit, and misrepresentation is three years under Cal. Civ. Pro. §338.

28

1   and Ranch Supply, Inc., 967 F.2d 309, 312 (9th Cir. 1992). Nevertheless, these cases are distinguishable
2   from the facts presented in this action.
3       Here, Alamzad's belief that DLAG was served properly was based on a valid certificate of service.
4   Reliance on a sworn legal document is entirely different from the "inadvertence of counsel" and facts presented
5   in Wei. In this instance, it would be unreasonable to expect Alamzad's counsel to verify the validity of the
6   certificate of service since there was no reason to suspect it was deficient. For these reasons, the Court finds
7   that good cause exists to extend Alamzad's time to effect proper service on DLAG or, in this case, deem
8   service on DLAG to have been effected.[4]

9   B.    Service on LCG

10       With respect to LCG, good cause does not exist for any leniency. Alamzad has had more than
11   adequate opportunity to serve LCG in the past. In addition, there is scant evidence at this juncture that
12   Alamzad will be able to effect service in the near future. Hence, DLAG's motion to dismiss is granted with
13   respect to LCG unless Alamzad can demonstrate that service has been properly been effected on LCG by the
14   case management conference in this matter scheduled for August 17, 2005.

15   V.  CONCLUSION

16       For the reasons stated, the Court denies in part and grants in part DLAG's motion to dismiss for failure
17   timely to serve defendants. With respect to DLAG, the motion to dismiss is denied. Alamzad has been
18   deemed to have effected service from the date of this order. Pursuant to Fed. R. Civ. P. 12(a)(1)(A), DLAG
19   has twenty (20) days to file an answer or other responsive pleading. With respect to LCG, the motion to
20   dismiss is granted unless Alamzad can demonstrate that service has been properly effected on LCG by August
21   17, 2005.

22   IT IS SO ORDERED.

---

[4] Plaintiff also argues that good cause exists because Mr. Molins made misleading representations about DLAG. Regardless of whether Mr. Molins made misrepresentations, reliance on agents such as Mr. Molins is not grounds for good cause. See Boudette, 923 F.2d at 757 (plaintiff's reliance on district court clerk was not reasonable); Putnam v. Morris, 833 F.2d 903, 905 (10th Cir. 1987) ("It is trial counsel's responsibility to monitor the activity of the process server and to take reasonable steps to assure that a defendant is timely served.").

| | |
|---|---|
| Dated: August 4, 2005 | /s/ Richard Seeborg<br>RICHARD SEEBORG<br>United States Magistrate Judge |

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

R. King Prothro, Jr. Esq.        rkprothrolaw@hotmail.com

Randall S. Farrimond             rfarrimond@farrimondlaw.com

**Dated: 8/4/05**                                          **Richard W. Wieking, Clerk**

**By:____DM_____**
                  **Chambers**